UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LENDING SOLUTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14CV1718 RLW ) |
| TODD JAENKE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 22) and Plaintiff's alternative request to file an amended complaint (ECF No. 26). The motion is fully briefed and ready for disposition. Upon thorough review of the Complaint, the Motion to Dismiss, and the related memoranda, the Court will allow Plaintiff to file a First Amended Complaint.

This case stems from the exodus of Plaintiff Lending Solutions, Inc.'s employees to Defendant Bridgeview Mortgage Company. On October 8, 2014, Plaintiff filed a 41 count Complaint against Defendant Bridgeview and Plaintiff's former employees. The Complaint alleges civil conspiracy, breach of duty of loyalty, unfair competition, misappropriation of trade secrets, breach of confidentiality agreements, breach of non-solicitation of employees agreements, breach of non-solicitation of customers agreements, tortious interference with a business expectancy, tortious interference with contracts, accounting, violation of the stored wire and electronic communications act, violation of the computer fraud and abuse act, tampering with computer data and equipment, and request for preliminary and permanent injunction. (Compl., ECF No. 1)

In response, Defendants filed a Motion to Dismiss, arguing that the 59-page Complaint fails to allege facts sufficient to support its claims and contains conclusory and speculative allegations. Defendants also assert that the employment agreements and restricted covenants expired and were unenforceable. In its Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiff contends that it has alleged sufficient facts to survive a motion to dismiss but also requests that this Court allow Plaintiff to file an amended complaint to correct any insufficient pleadings.

Upon review of the Complaint, Motion to Dismiss, and related memoranda, the Court will grant Plaintiff leave to file its First Amended Complaint to address and remedy any deficiencies raised in Defendants' motion to dismiss. "When a plaintiff moves to amend a complaint after a motion to dismiss has been filed, the court must first address the motion to amend." *Swider v. Hologic, Inc.*, Civil No. 12-1547 (DSD/AJB), 2012 WL 6015558, at *1 (D. Minn. Dec. 3, 2012). Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should freely grant leave to amend a pleading when justice so requires. "[T]he court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there has been bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants." *Id.* at *2 (citation omitted). Defendants argue that amendment would be futile because the employment agreements at issue expired prior to the alleged breach of those agreements.

The parties appear to disagree on the applicable provisions in the agreement, as well as the expiration dates of those provisions. The Court declines to engage in an intensive analysis of the employment agreements at this time. The Court finds that, in the very early stages of litigation, leave to file a First Amended Complaint is warranted. The Court has not yet held a

Rule 16 conference or entered a Case Management Order pursuant to Fed. R. Civ. P. 16. Further, Defendants have not filed an Answer to the Complaint and will not be prejudiced by answering the First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 22) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request to file an Amended Complaint (ECF No. 26) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file its First Amended Complaint no later than May 15, 2015. Failure to so amend the complaint may result in dismissal of this action.

Dated this 29th Day of April, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**